*In re* MARRIAGE OF B. GEORGE LANG, Petitioner-Counterrespondent-Appellant, and LILA LANG, Respondent-Counterpetitioner-Appellee.

First District (3rd Division)    No. 77-1069

Opinion filed June 27, 1979.

George S. Feiwell, Michael J. Berger, and Patricia F. Sternberg, all of Feiwell, Galper & Lasky, Ltd., of Chicago, for appellant.

Gottlieb and Schwartz, of Chicago (Mark S. Lieberman and Michael P. Siavelis, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This is an action for dissolution of marriage. The petitioner, B. George Lang, appeals from an order of the circuit court of Cook County which modified a prior agreed order for temporary allowances by reducing the temporary alimony and child support awards to the respondent, Lila Lang, from $2,500 to $1,781 per month. Petitioner urges that the trial court erred in not reducing the temporary award further to $1,250 per month in view of petitioner's change of circumstances as reflected by his reduced yearly salary.

Petitioner filed a complaint for divorce, and respondent filed a counterclaim for separate maintenance or, in the alternative, for divorce. During the pendency of the matter, on March 18, 1977, the court entered an agreed order whereby petitioner was to pay $2,500 per month to respondent for the support of one minor child and herself. The order was for a period of 90 days commencing March 1, 1977.

Petitioner is president and majority stockholder of Betcar Corporation. He also is president and sole stockholder of David Andrew Corporation. At the time of the foregoing agreed order, petitioner's annual salary was a total of $105,000, $90,000 from Betcar and $15,000 from David Andrew.

The week after the entry of the temporary support order, respondent and her sister, members of the Betcar board, filed suit against petitioner, Betcar, and David Andrew seeking the dissolution of Betcar and the appointment of a receiver to dispose of its assets.

On March 31, 1977, petitioner filed a petition setting forth the

commencement of the chancery suit by respondent against the companies and himself. He asked the court to suspend his support payments. On April 20, 1977, petitioner filed another petition reciting that as a result of actions taken by respondent, petitioner's business had been reduced by 45% and that he had been compelled to reduce his salary from $105,000 to $50,000 a year. He requested that the court enter an order of support for respondent in keeping with his reduced circumstances.

At the hearing on the second petition conducted on April 27, 1977, petitioner testified that shortly after the entry of the agreed support order, National Press stopped doing business with Betcar. National Press was a company owned and controlled by respondent's family and it was Betcar's principal customer. As a result of the loss of National Press business, Betcar's gross income was reduced by 40% or by approximately $1,000,000. Betcar, therefore, for the first time, projected an operating loss for the coming year, and petitioner testified he was compelled to reduce his combined annual salary to $50,000. He would receive $40,000 from Betcar and $10,000 from David Andrew. Petitioner intended to try to substitute customers for National Press, but he did not know whether he would be successful in doing so. During a colloquy with counsel, the trial court was informed that three members of Betcar's board of directors comprising a majority of the board, were present in open court and would consent to petitioner taking an annual salary of $80,000. Two of these board members were the respondent and her sister.

After hearing petitioner's testimony and argument and statements of counsel, the court concluded that there had been a material change in petitioner's circumstances entitling him to a reduction in the support order. The court thereupon entered an order reciting that petitioner "had the ability" to take a combined annual salary of $75,000. It further ordered that the temporary support allowance of $2,500 per month be reduced to $1,781 per month retroactive to March 24, 1977. The court gave petitioner credit for payments already made and ordered him to make payments in April and May, 1977. The court also noted that it was a temporary measure and that its ruling would not prejudice any future hearing.

Petitioner contends that the trial court abused its discretion in its award of temporary alimony and child support. Petitioner insists that the trial court erred in not reducing the temporary allowance to $1,250 per month.

■■ The award of temporary alimony and child support is dependent upon the financial ability and current circumstances of the parties, but the trial court has considerable discretion in awarding temporary alimony and support. (*Dejoie v. Dejoie* (1972), 6 Ill. App. 3d 381, 286 N.E.2d 38; *Rabin v. Rabin* (1965), 57 Ill. App. 2d 193, 206 N.E.2d 850.) A trial court's

decision as to awards of temporary allowances will not be set aside unless it is contrary to the manifest weight of the evidence. *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 239 N.E.2d 792.

■■ We find no abuse of the trial court's discretion in its decision to reduce the temporary allowance award to $1,781 per month rather than to the $1,250 per month figure sought by petitioner. The trial court accepted petitioner's testimony that the loss of the National Press business constituted a material change in circumstances which would require petitioner to take a lesser salary. The trial court did not believe that petitioner was compelled to reduce his salary to $50,000, and an examination of the record reveals that the court was justified in not accepting that $50,000 figure. Although petitioner's testimony was that the loss of National Press business affected David Andrew only collaterally, petitioner immediately reduced his salary from David Andrew by $5,000. While the record is somewhat ambivalent on the point, it appears that petitioner's counsel at one time had suggested an annual salary of $60,000 for petitioner would be feasible. Additionally, there was no showing by petitioner that the National Press business loss could not be at least partially offset by obtaining other customers. It is evident that $50,000 was an arbitrary figure set by petitioner himself. Thus the modified figure of $75,000 which the trial court said petitioner had the ability to set was not an abuse of discretion. Moreover, the award was for only 60 additional days, and another hearing for a permanent award will be held at which both sides will be able to present evidence as to petitioner's circumstances. See *Popeil v. Popeil* (1974), 21 Ill. App. 3d 571, 315 N.E.2d 629.

There is no merit in petitioner's contention that the trial court abused its discretion by interfering with the management of corporate affairs by ordering the companies to pay him $75,000 annual salary. The trial court did not order the corporations to pay him $75,000. It merely found that petitioner "had the ability" to take that much salary. It is undisputed that it was petitioner alone who made the decision to reduce his salary to $50,000. At the hearing on his motion to reduce the temporary award, petitioner placed the issue of his annual salary before the trial court and, under the circumstances, the court did not err in addressing the question posed.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

SIMON, P. J., and RIZZI, J., concur.