*In re* MARRIAGE OF TAMELA VAN OOTEGHEM, Petitioner-Appellant, and JOHN C. VAN OOTEGHEM, Respondent-Appellee.

Third District   No. 3—88—0519

Opinion filed August 24, 1989.

George Mueller, of Hoffman, Mueller, Creedon & Twohey, of Ottawa, for appellant.

Bernard Engels, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The trial court entered a judgment of dissolution of the parties'

marriage on June 6, 1986. A supplemental order was entered August 28, 1986, confirming and adopting the agreement of the parties with respect to child custody, support, and distribution of property. The petitioner, Tamela Van Ooteghem, was awarded custody of the parties' two minor children. The respondent, John Van Ooteghem, was ordered to pay $160 per week in child support. The order was silent as to which parent would be allowed to claim the minor children as dependents for tax purposes. In an order entered on July 5, 1988, the court assigned one tax exemption to each of the parties for the tax year 1987 and both exemptions to the respondent for 1988 and subsequent years. The petitioner appeals.

■ The sole issue raised by the petitioner on appeal is whether a State court is preempted by the provisions of the Internal Revenue Code from awarding tax exemptions for minor children to the noncustodial parent in a post-dissolution proceeding. Section 152(e) of the Internal Revenue Code (Code) as amended by the Deficit Reduction Act of 1984 provides in relevant part:

"(1) Custodial parent gets exemption.

Except as otherwise provided in this subsection, if—

(A) a child *** receives over half of his support during the calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance, [and]

\* \* \*

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent')." I.R.C. §152(e) (1988).

The Code provides three exceptions to the general rule that the custodial parent is to receive the exemption. The first is where the custodial parent releases his claim to the exemption for the year (I.R.C. §152(e)(2) (1988)); second, where multiple-support agreements are involved (I.R.C. §152(e)(3) (1988)); and third, where the case involves certain pre-1985 instruments (I.R.C. §152(e)(4) (1988)).

■ For the purposes of this case, we are concerned only with the exception relating to the release of the exemption by the custodial parent. This release is effective under the following circumstances:

"(A) the custodial parent signs a written declaration ***

that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during the calendar year." I.R.C. §152(e)(2) (1988).

The petitioner argues that section 152(e) preempts a State trial judge from awarding tax exemptions for minor children to a noncustodial parent in the absence of an express waiver. This precise issue was addressed by the First District Appellate Court in *In re Marriage of Einhorn* (1988), 178 Ill. App. 3d 212, 533 N.E.2d 29. In *Einhorn*, the mother was granted the tax dependency exemptions for the three minor children as part of the judgment of dissolution. The father filed a post-trial motion asking the court to delete that portion of the judgment pertaining to the tax exemptions and to order the mother to sign a declaration of waiver of the exemptions so as to allow him to receive them. The court denied the father's post-trial motion and entered an order finding that section 152(e) deprived the court both of its authority to grant the exemptions to the noncustodial parent and of its authority to order the custodial parent to sign a written declaration waiving the exemption. *Einhorn*, 178 Ill. App. 3d at 217, 533 N.E.2d at 35.

On review, the appellate court found that a State court's allocation of an exemption did not interfere with the legislative intent behind section 152(e) as amended. The court noted that the former section 152(e) had in part left to the Internal Revenue Service the determination of whether the custodial or noncustodial parent would receive the tax exemptions. After examining the former section 152(e), the amended section 152(e), and the legislative intent, the court concluded that Congress' only purpose had been to eliminate the Internal Revenue Service's role in determining which parent was entitled to the dependency exemptions. Further, the court found that in order to effectuate the allocation, a trial court had to be able to order the custodial parent to sign a declaration that he or she would not claim the exemptions.

■■ Having reviewed section 152(e) and *Einhorn*, we agree that a State court's allocation of tax exemptions does not interfere with the legislative intent behind the amendment. Therefore, we find that a State court is not preempted by section 152(e) from allocating the tax exemptions to the noncustodial parent. We also concur with the *Einhorn* court's finding that a trial court has the authority to order the custodial parent to sign a declaration in compliance with the IRS

declaration form (IRS Form 8332) to effectuate waiver of the exemption.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.