THE DEPARTMENT OF PUBLIC AID *ex rel.* MARY TEMPLE, Plaintiff-Appellee, v. JOHN VAN KAMPEN, Defendant-Appellant.

Third District   No. 3—92—0455

Opinion filed April 14, 1993.

Ruud, Scovil, Neppl & Marsh, of Rock Island (Douglas C. Scovil, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Kimberly W. White, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The defendant, John Van Kampen, appeals an order of the circuit court requiring him to pay child support in an amount equal to 20% of his net monthly income beginning with the date of service of summons. We affirm.

On May 17, 1991, the Illinois Department of Public Aid (the Department) filed a paternity action against the defendant. In its petition, the Department requested an order for support of the child born in 1984. The defendant was served with summons on May 22, 1991. Thereafter, an order was entered finding that the defendant was the child's father.

At a hearing on the issue of child support, the parties stipulated that defendant's net monthly income was $2,647.88. The child's mother testified that her net income was between $700 and $1,000 per month. Along with the child in question, she supported another child and a boyfriend. A sworn financial disclosure statement showed that the mother's monthly expenditures, which included the amounts needed to support herself, the child in question, her other child and her boyfriend, amounted to $1,146. The boyfriend contributed, at most, $180 per month to the household.

The trial court entered an order on January 9, 1992, finding that the defendant had no demands on his income other than for his own support and requiring the defendant to begin paying $529.58 per month as of January 22, 1992, and to pay $4,236.64 in child support accrued from May 22, 1991 (the date summons was served), through December 22, 1991.

The defendant argues that 20% of his net monthly income is greater than what is reasonably necessary to meet the physical, mental and emotional needs of the child. He further argues that the award requires him to pay almost half of the household's monthly expenses when he is legally obligated to support only one of the household's four members.

■ Section 14 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1991, ch. 40, par. 2514) provides that in determining the amount of an award of child support, the court should use the guidelines provided in section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)). Section 505(a) provides that the minimum amount of support for one child is 20% of the supporting party's net income. (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(1).) It further provides that this guideline must be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from it. (Ill. Rev. Stat.

1991, ch. 40, par. 505(a)(2).) The relevant factors include the financial resources of the child, the financial resources and needs of the custodial parent, the standard of living the child would have enjoyed had the marriage not be dissolved, the physical and emotional condition of the child and his/her educational needs and the financial resources and needs of the noncustodial parent. Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(2).

Child support is not limited to the "shown needs" of the child. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229.) The trial court may award support in excess of the needs of the child. (*In re Marriage of Scafuri* (1990), 203 Ill. App. 3d 385, 561 N.E.2d 402.) It is only equitable that the party with the relatively greater income bear the greater cost of supporting the child, particularly if that party is the noncustodial parent. *In re Marriage of Rogliano* (1990), 198 Ill. App. 3d 404, 555 N.E.2d 1114.

The party wishing to deviate from the guidelines provided by section 505(a) must carry the burden of presenting evidence to support his claim. (*In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 492 N.E.2d 622.) The determination of the proper amount of child support is within the discretion of the trial court and will not be disturbed unless it is contrary to the manifest weight of the evidence. *In re Parentage of J.S.* (1990), 193 Ill. App. 3d 563, 550 N.E.2d 257.

The defendant claims that the trial court should have deviated from the guidelines provided in the statute because following the guidelines requires the defendant to pay a sum greater than is needed by the child. However, in *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229, the Illinois Supreme Court refused to accept the argument that a child is entitled to receive support for only his "shown needs" while the noncustodial parent enjoys a standard of living far above that. Further, in *In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 492 N.E.2d 622, the court rejected an argument that a parent has the right not to support his children beyond basic necessities. Although these decisions were made in the context of a dissolution of marriage, they apply equally to cases in which the parents have never been married. (See *Rawles v. Hartman* (1988), 172 Ill. App. 3d 931, 527 N.E.2d 680.) Thus, it is clear that the trial court was not limited to providing for the child's needs when it determined the amount of support owed by the defendant.

A review of the cases in which a deviation from the guidelines has been upheld reveals that in each such case the noncustodial parent's net monthly income was very high. The courts in these cases were justified in deviating from the guidelines because following the guide-

lines in those cases would have resulted in the children being awarded amounts far in excess of that needed for even a luxurious lifestyle. (See, *e.g., In re Marriage of Rogliano* (1990), 198 Ill. App. 3d 404, 555 N.E.2d 1114; *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229; *In re Marriage of Scafuri* (1990), 203 Ill. App. 3d 385, 461 N.E.2d 402.) Such is not the case before us. Here the mother's income is at times $300 short of her monthly obligations. Defendant's contribution may allow her to more easily meet those obligations, but it will not allow either the child or the household to live in luxury.

The defendant urges us to adopt the reasoning set forth by the fourth district, in *People ex rel. Graham v. Adams* (1993), 239 Ill. App. 3d 643. We decline.

In *Adams*, the child's parents had never married. The mother was supporting two children in addition to the child in question and was pregnant with her fourth child. The defendant was responsible for supporting only one of these children. The mother was supporting the family on $1,600 per month with public assistance. If employed, she could earn approximately $1,600 per month. Following the statutory guidelines, the defendant's child support payment would have been $1,600 per month. This would result in the household no longer being eligible for public assistance and would essentially have required the defendant to support three children who were not his. The court ruled that in addition to the relevant factors listed in section 505(a)(2), the needs of the child should be considered in determining the amount of child support to be awarded. *Adams*, 239 Ill. App. 3d 643.

We believe that it was unnecessary to add the needs of the child to the list of factors to be considered in determining the amount of child support to be awarded when the custodial parent is supporting other children besides the child supported by the noncustodial parent. If the legislature had meant to include the needs of the child as a factor to be considered, it would have done so. Section 505(a)(2) contains the word "needs" twice, but neither occasion refers to the needs of the child. (See Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(2).) Further, the case law on the subject clearly allows a deviation from the statutory minimum when the noncustodial parent's net monthly income is very high. (See, *e.g., In re Marriage of Rogliano* (1990), 198 Ill. App. 3d 404, 555 N.E.2d 1114; *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229; *In re Marriage of Scafuri* (1990), 203 Ill. App. 3d 385, 461 N.E.2d 402.) Thus we find that the statute and relevant case law give enough guidance without the court creating a new "balancing test" which includes a consideration of the child's needs.

■ Here, we find that to allow a reduction in child support below the statutory minimum based solely on the fact that the custodial parent supports other persons not entitled to support by the noncustodial parent would penalize the child for living arrangements over which the child has no control. We will not so penalize this child. Accordingly, we hold that the statutory guidelines should be applied unless the trial court finds reason for deviating therefrom based on its consideration of the applicable statutory factors and pertinent case law.

The defendant's second argument is that the trial court abused its discretion in calculating the amount of support due from the date the summons was served upon him.

■ We find that the defendant's contention is without merit. The Illinois Parentage Act of 1984 clearly states that all child support payments ordered pursuant to the Act are to commence from the date summons is served. (Ill. Rev. Stat. 1991, ch. 40, par. 2514(b).) Therefore, we hold that the trial court properly awarded support from the date the summons was served.

For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

McCUSKEY, P.J., and BARRY, J., concur.