THE PEOPLE *ex rel.* ALICE MARILYN GRAHAM, Petitioner-Appellant,
v. DENNIS E. ADAMS, Respondent-Appellee.

Fourth District   No. 4—92—0424

Opinion filed February 4, 1993.

Michael W. Ochoa, of Springfield, for appellant.

Thomson, Mann, Mann, Mitchell & McNeely, P.C., of Jacksonville (John A. Mann, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

This case involves the application of the child support guidelines provided by section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)), as required by the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2501 *et seq.*). After determining that respondent was the father of the petitioner's son, who was born on February 21, 1979, the court ordered a judgment for back support payments in the amount of $34,000 in favor of the Illinois Department of Public Aid and for the benefit of the minor son. Respondent was further ordered to provide comprehensive health and medical coverage and to pay 80% of the child's uninsured health care needs. Child support payments of $400 per month were ordered. This amount equaled approximately one-fourth the amount provided under the guidelines.

Petitioner appeals, contending (1) the trial court erred in setting the child support payments based solely upon the current needs of the child, and (2) it was error to set the support amount at an amount greatly below the guideline.

■■ Three statutory provisions are involved. Section 14 of the Parentage Act (Ill. Rev. Stat. 1991, ch. 40, par. 2514) requires the application of the guidelines set forth in section 505(a) of the Marriage Act. Section 3 of the Parentage Act provides:

"Relationship and Support Not Dependent on Marriage. The parent and child relationship, including support obligations, extends equally to every child and to every parent, regardless of the marital status of the parents." (Ill. Rev. Stat. 1991, ch. 40, par. 2503.)

Section 505(a)(2) of the Marriage Act provides:

"The above guidelines shall be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines. Relevant factors may include but are not limited to:

(a) the financial resources of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the non-custodial parent.

If the court deviates from the guidelines, based on consideration of the factors in paragraphs (2)(a) through (2)(e) of subsection (a) of this Section, or any other relevant factor, it shall make express findings as to its reason for doing so." Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(2).

Our support laws, as cited in this opinion, recognize that a child from a nonmarital relationship has the same rights as a child born to a marriage relationship. However, in this case, the custodial mother not only cares for respondent's son, but also two other children (not by respondent) and is expecting another (not by respondent). She has received public aid payments for much of the time since the birth of the first child and currently supports her family on approximately $1,600 per month. The amount of support provided under the guidelines (20% of respondent father's income) totals $1,600 per month. If the trial court had followed the guidelines, ordering $1,600 in child support per month, it would appear that respondent would actually be supporting his son, petitioner, and the other three children.

We acknowledge that petitioner is a licensed practical nurse and, if employed after the last child is born, could earn approximately $1,600 per month. It is also possible that the father of the then expected child will aid in support for that child. The likelihood of the father, or fathers, of the middle two children paying support is not good.

■ Our supreme court, in a *marriage dissolution* case, has rejected a "needs-based" analysis in determining child support because limiting a child's support to his " 'shown needs' is to read the 'standard of living the child would have enjoyed had the marriage not been dissolved' consideration completely out of the statute. A child is not expected to have to live at a minimal level of comfort while the non-custodial parent is living a life of luxury." *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 297, 483 N.E.2d 1229, 1234.

■ In *Rawles v. Hartman* (1988), 172 Ill. App. 3d 931, 527 N.E.2d 680, it was determined that even though the advanced education provision of section 513 of the Marriage Act (Ill. Rev. Stat. 1991, ch. 40, par. 513) is not included in section 505 of the Marriage Act or

referred to in section 14 of the Parentage Act, the obligations of section 513 of the Marriage Act as to education expense extends to the father of a nonmarital child. *Rawles* includes the following statement:

"The State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded legitimate children; once the State posits a judicially enforceable right on behalf of children to needed support from their natural fathers, there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married his or her mother. For a State to do so is illogical and unjust. *Gomez v. Perez* (1973), 409 U.S. 535, 539, 35 L. Ed. 2d 56, 60, 93 S. Ct. 872, 875." (*Rawles*, 172 Ill. App. 3d at 936-37, 527 N.E.2d at 683.)

Section 14(a)(1) of the Parentage Act provides for courts making custody and visitation provisions, thus allowing fathers rights previously prohibited. (Ill. Rev. Stat. 1991, ch. 40, par. 2514(a)(1).) Consideration of children born of a nonmarital relationship no longer is governed by rules from the Dark Ages, and we see no reason that they be considered differently from those of marital birth. The comments from *Bussey* should equally apply to the nonmarital issue.

However, we must confront the realities of life as illustrated in this case. Petitioner may, by now, have three children other than respondent's son to support. We know of no duty on the part of respondent to support either petitioner or her other children. If the guidelines are to be strictly followed in this case, respondent will either be supporting others in the family or his son will have to, for expenditure purposes, be treated differently than the other family members. A payment by respondent to petitioner of a sum of $1,600 would evidently terminate public aid payments for the entire family. However, as stated in *Bussey* (108 Ill. 2d at 297, 483 N.E.2d at 1234), "A child is not expected to have to live at a minimal level of comfort while the noncustodial parent is living a life of luxury."

Regardless of respondent's lack of financial obligation to petitioner and three of her children, a payment of the guideline amount of 20% would likely result in his supporting the entire family. We note that this problem could also arise in marriage dissolution cases where the custodial parent remarries, has additional children, and has a substantially lower standard of living.

The problem of providing one child in a family unit with a different economic status than the other children cannot be ignored. Are we to suggest one child should dress better, have better playthings,

go to a better school, have an auto—all in contrast to siblings? Dire social ramifications could well result.

When a trial court is confronted with a case such as this, a balancing test is necessary. Using the balancing test term is not a cop-out on our part. We are aware of the burden we are placing on the trial courts. Those courts, because of their fact-finding ability, are best suited to make this type of determination. The balancing test requires consideration of all factors as set forth in section 505(a)(2) of the Marriage Act, with an adjustment to and possibly less emphasis on section 505(a)(2)(c) (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(2)(c)).

■■ We hold that while a child support payment decision cannot be decided on only a "needs" basis, the child's need is a relevant factor in determining support under section 505(a)(2) of the Marriage Act. However, other relevant factors must be considered, and those include the social problems surrounding one sibling having more than others, the visitation (or relationship) with the noncustodial parent, and the extent payments by the noncustodial parent actually benefit those who are not directly entitled to the support benefit. The assessment of medical expenses and arrearage, as was done here, is definitely relevant. As facts develop, other relevant factors will probably arise and can be identified by the trial courts.

■■ We are not determining whether the child support payments of $400 per month are sufficient or insufficient. We are deciding that the issue of current support must be remanded for further hearing and application of the balancing test. Express findings will be necessary to sustain a variance from the statutory guidelines. The trial court's finding was as follows:

> "Based upon all relevant circumstances, application of the minimum guidelines set forth in Section 505 of the Illinois Marriage and Dissolution of Marriage Act is inappropriate; and, child support should be awarded in a sum less than that due to the needs of the minor and the substantial income of DENNIS ADAMS."

This was not an "express" finding of reasons for deviation from the guidelines. The trial court's determination on remand, coupled with express findings, should not be reversed unless made arbitrarily without the employment of conscientious judgment. *In re Marriage of Rogliano* (1990), 198 Ill. App. 3d 404, 414, 555 N.E.2d 1114, 1120.

We are not suggesting a custodial parent must segregate child support payments from other family income. Many family expenses are for the benefit of all members of the household. Also, the custo-

dial parent is often contributing to the child's support from income other than the child support payments received.

The judgment for arrearage and the decision as to medical expenses are affirmed. The current support order is reversed and remanded for further hearing consistent with the dictates of the opinion.

Affirmed in part; reversed in part, and remanded with directions.

KNECHT and COOK, JJ., concur.