*In re* MARRIAGE OF LEWIS DUANE KERN, Respondent and Counter-petitioner-Appellant, and CHERYL JANE KERN, Petitioner and Counter-respondent-Appellee.

Fourth District   No. 4—92—0855

Opinion filed June 10, 1993.

Theodore J. Harvatin, of Gramlich Law Offices, P.C., of Springfield, for appellant.

Bruce D. Locher, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

The parties were married on July 3, 1971. Four children were born of the marriage, Timothy (May 31, 1974), Jeremy (March 20, 1976), Ryan (August 19, 1978), and Chad (September 7, 1979). A judgment of dissolution of marriage was entered September 9, 1985, awarding custody to petitioner Cheryl Jane Kern (Cheryl), and requiring respondent Lewis Duane Kern (Lewis) to pay child support of $800 per month. On February 25, 1992, Lewis filed a petition for reduction of child support based on Timothy's reaching age 18, and on his own reduced income. The trial court reduced support to $600 per month. Lewis appeals, arguing support should have been set at $403.73 (a figure he did not cite to the trial court), and that the trial court deviated upward from the child support guidelines without making an express finding in violation of section 505(a)(2) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(2)). We affirm.

Lewis is 44 years of age. The affidavit he filed at the time of the judgment of dissolution showed that his annual gross income was $26,312, and his annual net income was $20,270.64. At that time Lewis was working as a mechanic at Hawes Implement Company. The affidavit Lewis filed at the time of the petition to modify shows an annual gross income of $15,140, and annual personal expenses of $34,791.12, which included expenses for his wife Janet and her child. Janet testified that with her income as an accountant

she and Lewis were able to "break even." Lewis left his job at Hawes in 1990 to work a grain farm previously worked by his uncle, purchasing his uncle's equipment. Lewis testified he had a loss from farming in 1990. He also testified he had a loss in 1991, but his 1991 Federal income tax return showed a net farm profit of $15,140. Lewis left Hawes once during the parties' marriage to try farming, but it did not work out and he returned to Hawes after a year. Lewis testified there is no reason why he could not return to Hawes again. The trial court found "the evidence at least supports" the fact that Lewis' decision to farm was made in good faith.

Cheryl's affidavit, filed in response to the petition to modify, indicates that she is employed as a clerk at Blue Cross/Blue Shield, and that her annual net income is $14,991.60. At trial, however, she responded affirmatively to the question whether she took home, without any overtime, something in excess of $1,400 a month ($16,800 per year). When she testified that she might have to give up some overtime to be with the parties' son, Jeremy, she indicated that she had overtime of $10,000 per year. The parties failed to clearly establish whether Cheryl's annual net income is closer to $16,800 per year or $26,000 per year. Cheryl estimates her annual living expenses are $19,819.08. Although Timothy is 18, he is living at home while attending Lincoln Land Community College. Jeremy, the 16-year-old, is blind in one eye, overweight, slow moving, and has a learning disability. Jeremy recently began treatment with a psychologist, which costs Cheryl $20 per visit in excess of what is covered by insurance. Lewis argues that the visits are unnecessary, based on the fact they only began after his petition was filed.

■■ Lewis argues the trial court erred in deviating upward from the guidelines without making any express finding. Lewis, however, waived that issue by failing to raise it before the trial court. (*In re Marriage of Baptist* (1992), 232 Ill. App. 3d 906, 918, 598 N.E.2d 278, 286; *In re Marriage of Harper* (1989), 191 Ill. App. 3d 245, 246, 547 N.E.2d 574, 575.) In his reply brief Lewis admits that the trial court made findings, but argues those findings are not supported by the evidence. In any event, the requirement that the court make "express findings" (Ill. Rev. Stat. 1991, ch. 40, par. 505(a)(2)) is not a requirement that the findings be written or incorporated into the court's order. (*Cf.* Ill. Rev. Stat. 1991, ch. 40, par. 610(b) ("court shall state in its decision specific findings of fact in support") (modification of custody); *In re Marriage of Wright* (1991), 212 Ill. App. 3d 392, 399, 571 N.E.2d 197, 201 (express findings are required).) The statements made by the court in announc-

ing its decision from the bench—that (1) Jeremy had special needs, (2) it was difficult to determine the net income of a self-employed farmer, especially one sharing expenses with a new family, and (3) suggesting that Cheryl had additional expenses with a college student living in her home—were sufficient to satisfy the statutory requirement for express findings.

■ The burden of showing a substantial change in circumstances sufficient to justify a modification of a child support award is on the party seeking the relief. (*In re Marriage of Bean* (1989), 181 Ill. App. 3d 671, 673, 537 N.E.2d 342, 344.) Lewis complains there is little evidence in the record regarding Jeremy, and that we are only left "to speculate about the dollar amount of the 'special needs.'" Sufficient evidence was presented that Jeremy has some physical and mental difficulties for which he is being treated. If Lewis truly disputes the existence of the condition, or the fact that the condition is a matter of substantial expense to Cheryl, then it was his burden to introduce evidence supporting his position; it is not enough for Lewis to criticize the evidence presented by Cheryl, or to criticize the trial court for doing its best on the evidence presented to it. Lewis argues that where a trial court deviates from the guidelines the burden of proof shifts to the party benefited. We disagree. While the burden of producing evidence will shift after sufficient evidence has been presented, the burden of persuasion never shifts. (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 462, 448 N.E.2d 872, 876.) There was evidence in the record upon which a decision to deny modification could be based. The burden of persuading the trial court that modification (and reduction) of child support was justified was at all times on Lewis, irrespective of how the trial court eventually ruled on it.

■ Lewis argues that the trial court relied on evidence outside the record when it noted that he had "some benefits available to him through his self-employment status as a farmer." A jury is instructed to take into account its own observation and experience in the affairs of life (Illinois Pattern Jury Instructions, Civil, No. 1.04 (3d ed. 1992)), and judges are entitled to do the same. Because a farmer's professional life is so intertwined with his personal life, it may be possible for a farmer to claim tax deductions which would not be available to nonfarmers. Lewis argues that "if [he] is underreporting his income and/or receiving financial aid from family members, it is incumbent upon [Cheryl] to present evidence as to those matters." Again we point out that the burden of persuading the trial court to reduce maintenance was at all times on Lewis. If

the trial court found Lewis' evidence was weak, the trial court was not required to accept it. Lewis' evidence was certainly deficient in listing expenses not just for himself, but for his wife Janet and her child. (See *Fedun v. Kuczek* (1987), 155 Ill. App. 3d 798, 803, 508 N.E.2d 531, 535.) Lewis deducted those expenses but did not consider the benefit of Janet's income.

■ Lewis argues the trial court did not consider Cheryl's ability to contribute to the support of the minor children. Because the guidelines do not factor in the income of the custodial spouse, the argument is sometimes made that they discriminate against noncustodians, that they impose the entire burden of support upon the noncustodian. Nothing could be further from the truth. That argument assumes that a child may be fully supported on the amount paid by the noncustodian as child support. We reject that assumption. Custodial parents bear a substantial portion of the financial obligation for raising children even when support is paid regularly. "[T]he custodial parent's responsibility for the child's support as well as care is general and plenary, while the noncustodial parent's responsibility is usually limited to the requirements of the support order." (*In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 1047, 492 N.E.2d 622, 630.) Lewis' argument that an award of $600 per month for three children is excessive translates to an argument that an award of $46 to feed, clothe, shelter, and transport one child for one week is excessive. We reject that argument. The guideline amounts have some inadequacies at both ends: just as following the guidelines may produce an excessive amount of support where the noncustodian is a high-income earner (*People ex rel. Graham v. Adams* (1993), 239 Ill. App. 3d 643, 646, 608 N.E.2d 614, 616; *In re Marriage of Scafuri* (1990), 203 Ill. App. 3d 385, 391, 561 N.E.2d 402, 406), following the guidelines may produce an insufficient amount of support where the noncustodian is a low-income earner.

■ While we respect Lewis' right to choose his field of employment, there are limitations to that right. In an intact family, a father would be reluctant to leave a job by which he supported his family for one where he could not. Lewis' closing argument that "it should be fairly evident that a new business does not always make money the first couple of years" is disturbing. Parents in intact families might wait until their children are raised before they change careers. A divorced parent should not see the fact that his child support obligation has been limited to a fixed payment based on his income as an opportunity to change careers. This is espe-

cially true where the noncustodian continues to enjoy his previous life-style due to the income of a current spouse. If all a parent has is a crust of bread, he should share it with his child.

The trial court's decision to reduce child support to $600 per month was not an abuse of discretion.

Affirmed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.