2022 IL App (2d) 210640-U
No. 2-21-0640
Order filed June 1, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF<br>MELINA I. FREZADOS, f/k/a<br>Melina I. Peters, | )<br>)<br>) | Appeal from the Circuit Court<br>of Du Page County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 08-D-280 |
| | ) | |
| PAUL A. PETERS, | ) | Honorable |
| | ) | Susan L. Alvarado, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) Emancipation of one of the parties' two children was a change in circumstances sufficient to warrant a modification of child support based on defendant's current income.  (2) There was sufficient evidence of defendant's business expenses for the prior tax year, 2020.  Although defendant had not finished his 2020 tax return, he produced his 2019 tax return and projected, based on his review of business expenses for the first few months of 2020, that his expenses for the year were about 75% of his 2019 expenses.

¶ 2    Petitioner, Melina I. Frezados, f/k/a Melina I. Peters, appeals the trial court's order

modifying the child support obligation of respondent, Paul A. Peters, to $330 per month.  Melina

contends that the trial court erred by finding changed circumstances sufficient to justify modifying

child support where Paul presented no evidence of his income in 2017—the last time support was modified—for comparison purposes. She further contends that Paul failed to present sufficient evidence of his business expenses. We affirm.

¶ 3                                I. BACKGROUND

¶ 4     The parties were married in 1998 and have two children: Holloway, born November 16, 2000, and Sophia, born May 3, 2003. The parties' marriage was dissolved on November 24, 2009, in a judgment that provided, *inter alia*, that Paul would pay $1181 monthly for child support.

¶ 5     In 2017, Melina petitioned to increase child support. This resulted in an agreed order requiring Paul to pay $1600 monthly for child support.

¶ 6     On May 14, 2020, Paul moved to decrease child support. He alleged that circumstances had changed in that (1) Holloway was emancipated and (2) Paul's income had decreased. Melina admitted that Holloway was emancipated.

¶ 7     At the March 2021 hearing on the motion, Paul testified that he is a sales representative for a company selling athletic shoes and accessories. He is an independent contractor; he is paid solely by commission and is responsible for his business expenses. Since 2017, his income had been declining steadily due to an increase in online sales—for which he did not earn commissions— and a decrease in demand for his company's products. The decline had been exacerbated by business closures due to the global pandemic.

¶ 8     Paul testified that his earnings in 2019, based on his federal income tax return, were $95,270.66. On the date of the hearing, he had not completed his 2020 tax return. According to his financial statement, his average commission for the first four months of 2020 was $6985.63 per month. He had tabulated his receipts for the first three or four months of 2020 and estimated that his expenses for that year would be, "for the most part," less than the previous year largely

due to April and May 2020 when he did not travel as much as in previous years. Expenses for the rest of the year would be "pretty close" to his 2019 expenses. Overall, he estimated that his 2020 expenses would be about 75% of his 2019 expenses. On cross-examination, Paul acknowledged that some business expenses on his 2019 tax return were probably mischaracterized.

¶ 9 Melina testified that Holloway had turned 18 and graduated high school and thus become emancipated. The trial court found that, "at the very least," Holloway's emancipation was a substantial change in circumstances such that Paul's child support obligation should be modified "if for no other reason than that."

¶ 10 The court noted that there was "not a lot of testimony." The court said, "I wish I would have had more evidence because I don't know whether those are reasonable expenses or not under the statute." The court accepted the child-support guideline calculations submitted by Paul's counsel showing that his gross income was $2286 per month, resulting in a monthly child support obligation of $330 for one child. Melina timely appeals.

¶ 11                                                    II. ANALYSIS

¶ 12 Melina first contends that Paul failed to prove a substantial change in circumstances. She argues that he presented no evidence of his income in 2017—the last time that support was modified—and, thus, the trial court could not properly conclude that his circumstances had changed. Paul responds that Holloway's emancipation, which Melina admitted, was sufficient evidence of changed circumstances. He contends that "changed circumstances" is a threshold that needs to be crossed only once. Further, after he crossed that threshold by establishing Holloway's emancipation, the court was required to apply the statutory child-support guidelines to establish a support amount based on current income. We agree.

¶ 13 A child-support judgment generally can be modified only upon a showing of a substantial change in circumstances. 750 ILCS 5/510(a)(1) (West 2020). A substantial change in circumstances typically means that the child's needs, the obligor parent's ability to pay, or both have changed since the entry of the most recent support order such that a modification of the support amount is warranted. *In re Marriage of Izzo*, 2019 IL App (2d) 180623, ¶ 25. "The burden of showing a substantial change in circumstances sufficient to justify a modification of a child support award is on the party seeking the relief." *In re Marriage of Kern*, 245 Ill. App. 3d 575, 578 (1993). Once the court finds a substantial change in circumstances warranting a modification, it should look to the statutory guidelines to calculate the new amount. *Izzo*, 2019 IL App 2d 180623, ¶ 25. Thus, the decision to modify child support is a two-step process. First, the court must find a substantial change in circumstances. Second, the court must look to the statutory guidelines to determine the new amount. *Id.*

¶ 14 The trial court's finding of a substantial change in circumstances may not be disturbed on appeal unless it was against the manifest weight of the evidence. *In re Marriage of Sorokin*, 2017 IL App (2d) 160885, ¶ 24. We review the trial court's ultimate modification decision for an abuse of discretion. *In re Marriage of Rogers*, 213 Ill. 2d 129, 135 (2004).

¶ 15 The only purpose of the changed-circumstances requirement is to decide whether a child-support modification is required. Once changed circumstances are established, the court then recalculates child support per statutory guidelines. The court is not limited to considering only the event establishing changed circumstances. Thus, once Paul established that Holloway had been emancipated, the court properly found changed circumstances, "if for no other reason than that," and proceeded to determine support based on the statutory guidelines.

¶ 16    Melina next contends that Paul failed to present sufficient evidence of his business expenses for 2020. Paul's 2019 tax returns, showing his claimed business expenses, were in evidence. We disagree. Paul testified that he had compiled receipts for the first three or four months of 2020 and expected his expenses to be about 75% of those for the previous year due to decreased travel expenses. The trial court apparently considered Paul credible, as it accepted his evidence in rendering judgment in an amount based upon his claimed monthly income. As such, we cannot determine that the judgment was against the manifest weight of the evidence or an abuse of discretion.

¶ 17    Melina cites no authority requiring Paul to produce receipts or other documentary evidence to establish his business expenses. His 2019 tax returns showing business expenses and his uncontradicted testimony that his business expenses for 2020 would be similar or slightly less (which would benefit Melina) were competent to establish those expenses for 2020. In cross-examining Paul, Melina established some inaccuracies in his financial documents relating primarily to personal expenses, but she did not offer any contrary evidence. The trial court expressed concern about the dearth of evidence on the issue of Paul's business expenses, but, in the absence of any evidence that his estimates were inaccurate, it essentially adopted the calculations of Paul's counsel.

¶ 18    As discussed above, Melina challenges Paul's income and expense figures for purposes of child support; however, she does not dispute the court's child-support calculations themselves. Given the evidence of Paul's income and expenses, we cannot say that the court abused its discretion in setting monthly child support.

¶ 19                                    III. CONCLUSION

¶ 20    We affirm the judgment of the circuit court of Du Page County.

¶ 21    Affirmed.