*In re* MARRIAGE OF PAULA ANN FOWLER, f/k/a Paula Ann McCloud, Petitioner-Appellant, and GEORGE McCLOUD, Respondent-Appellee.

Third District   No. 3—89—0074

Opinion filed January 16, 1990.

Conway & Shoemaker, of Aledo (Dwight L. Shoemaker, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Petitioner, Paula Ann Fowler, f/k/a Paula Ann McCloud, and respondent George McCloud were married on October 5, 1968. During the course of their marriage, one child was born to petitioner and respondent, namely David McCloud, born July 26, 1973. On April 11, 1979, the circuit court of Mercer County ordered the dissolution of the marriage of petitioner and respondent, incorporating the voluntary agreement made between the parties. The judgment of dissolution provided, *inter alia*, that the petitioner would have custody of the child, that the respondent would have reasonable visitation rights, that the respondent would pay child support of $25 per week, and that the petitioner would receive the Federal and State income tax dependent exemption for the minor child. On July 22, 1981, the circuit court modified the judgment of dissolution by increasing the child support to $50 per week.

On October 5, 1988, petitioner filed two actions with the circuit court of Mercer County. A petition for rule to show cause requested: (1) that the respondent be ordered to show why he should not be held in contempt of court for his failure to comply with the judgment of dissolution by making timely child support payments; (2) that a money

judgment be entered against the respondent and in favor of the petitioner in the sum of the arrearage, costs, expenses and interest; and (3) that the court require the respondent to reimburse the petitioner for reasonable attorney fees and costs in connection with the preparation of the petition. A petition to increase child support was filed concurrently by the petitioner, requesting that the court modify the judgment of dissolution by increasing the child support to a sum commensurate with the respondent's income and that the respondent be required to pay the petitioner's reasonable costs and attorney fees incurred in connection with the petition. The respondent filed a counterpetition requesting that the court allocate the dependent tax exemption to him.

The circuit court of Mercer County filed an order on January 17, 1989, concerning the rule to show cause, petition and counterpetition. The order discharged the rule to show cause, stating that respondent was not in wilful contempt of court, denied the petitioner's petition to increase child support and denied the respondent's counterpetition, but allowed the respondent the dependent exemption on his Federal and State income tax returns. On February 10, 1989, petitioner filed her notice of appeal.

Petitioner contends the following on appeal: (1) that the trial court erred in failing to award attorney fees and costs for her petition for rule to show cause because respondent was not justified in his failure to pay his child support; (2) that the trial court's denial of her petition for increased child support was an error because the increase in support costs, coupled with the increase in respondent's salary, establishes substantial change warranting an increase in child support; (3) that the trial court erred in failing to order the respondent to pay at least the minimum amount of child support required under section 505 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 505); and (4) that the trial court lacked jurisdiction to transfer the income tax exemption for the dependent child to respondent under section 152(e) of the Internal Revenue Code (26 U.S.C. §101 *et seq.* (1982)).

Petitioner argues that she is entitled to reasonable attorney fees and costs under section 508 (Ill. Rev. Stat. 1988, ch. 40, par. 508), because the respondent's failure to make timely child support payments was without cause or justification. The trial court found that on the date of the hearing on the rule to show cause, an arrearage of $50 remained on child support. It was stipulated that following service of summons on respondent in October 1988, a $750 arrearage was brought current. The trial court further stated that the respondent

was not in wilful contempt of court for failure to pay child support. Section 508(a) of the Act empowers a trial court to award attorney fees in a dissolution proceeding, and section 508(b) provides specifically for fee awards in child support proceedings. Section 508(b) provides:

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without cause or justification, the court *shall* order the party against whom the proceeding is brought to pay the costs and reasonable attorney's fees of the prevailing party." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 40, par. 508(b).

The trial court discharged the rule to show cause, citing the respondent's $750 payment on or about October 26, 1988, and testimony that the minor child had resided with respondent for approximately 10 of the nearly 32 weeks during which child support payments were late or missing. While it is true that only $50 remained in arrearage as of the date of the trial court's hearing on the rule to show cause, it must be noted that a $750 arrearage was paid *after* commencement of proceedings by petitioner. The petitioner incurred costs of litigation before she received any payment on the arrearage. Additionally, while it is undisputed that the minor child spent approximately 10 weeks of continuous visitation with the respondent-father during the summer of 1988, such visitation does not excuse the respondent's obligation to make timely child support payments in accordance with the judgment of dissolution entered by the circuit court of Mercer County.

■ The record reflects that respondent was continuously employed during the time he failed to make support payments, and he took no steps to alert the court of an inability to meet his child support obligations. As a result of respondent's unjustified inattentiveness toward his child support obligations, petitioner incurred the expense of legal action. An award of attorney fees is mandatory upon a court's finding of a failure to pay without cause or justification. (*In re Marriage of Kennedy* (1988), 170 Ill. App. 3d 726.) In accordance with section 508(b) of the Act, the petitioner should be reimbursed for reasonable costs and attorney fees in connection with her petition for rule to show cause.

■ Petitioner next alleges that the trial court erred in denying her petition for increased child support. She argues that the cost of supporting the minor child has increased by 300% since the last modification of child support in July 1981, and that respondent's salary has increased by 22% since that time, thereby warranting an increase in child support payments. The record reveals that in 1981 the minor

child was approximately eight years old and neither parent was aware of any special dental or eyesight problems. The record further shows that since July 1981, the minor child has had orthodontic care, has had eyeglasses prescribed, and has become more involved in extracurricular activities requiring a variety of special equipment. The petitioner has borne the costs for those items listed above. Costs of supporting the minor child have certainly risen due to his age, but we do not believe that the age factor requires a mechanical increase in child support. *Harner v. Harner* (1982), 105 Ill. App. 3d 430.

The trial court has considerable discretion in the modification of child support, and the court's decision should not be disturbed by a reviewing court absent an abuse of discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286.) The trial court in the instant case found that while the respondent's income has increased since 1981, the petitioner's income has also increased substantially, and that the petitioner is better able, financially, to meet the needs of the minor child. There is no evidence in the record that the decision of the trial court was an abuse of its discretion.

Section 505(a) of the Act sets forth guidelines for the minimum amount of child support as follows, in pertinent part:

"(1) The Court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| *1* | *20%* |
| 2 | 25% |
| 3 | 32% |
| *** | ***" |

(Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 505(a)(1).)
According to the provisions of section 505(a)(1), the appropriate amount of support for respondent to pay equals 20% of his net income. The trial court's order of January 12, 1989, stated that while petitioner is better able to meet the needs of the minor child, an award of child support in an amount below the suggested guidelines is not justified. However, the trial court denied the petition to increase child support without making provisions to adjust the amount of support to meet the guidelines of section 505(a)(1) of the Act. We find that the amount of child support should, in this case, be reconciled with the minimum guidelines of section 505(a)(1) of the Act, namely 20% of respondent's annual net income.

Petitioner asserts that the trial court erred in awarding respondent the tax exemption for the minor child. Petitioner contends

that the trial court did not have jurisdiction under section 152(e) of the Internal Revenue Code (Code) (26 U.S.C. §101 *et seq.* (1982)), to transfer the exemption to respondent. This court squarely addressed this issue in *In re Marriage of Van Ooteghem* (1989), 187 Ill. App. 3d 696. The *Van Ooteghem* case was based solely on the power of the trial court under section 152(e) of the Code, which generally provides that a custodial parent is entitled to the exemption. Following the decision of *In re Marriage of Einhorn* (1988), 178 Ill. App. 3d 212, this court found that a State court is not preempted by section 152(e) from allocating the tax exemption to the noncustodial parent. Additionally, the *Van Ooteghem* decision provides that a trial court has authority to order a custodial parent to effectuate waiver of the exemption by signing the declaration form required under section 152(e)(2) of the Code. A trial court decidedly has jurisdiction to transfer the dependent child tax exemption from the custodial to the noncustodial parent.

■ The power to transfer the exemption from one parent to the other is not without limitations. This court has determined that the congressional intent behind the language of section 152(e) of the Code was to eliminate the role of the Internal Revenue Service in the determination of which parent was entitled to the tax exemption. (*In re Marriage of Van Ooteghem* (1989), 187 Ill. App. 3d 696.) With that in mind, the trial court assumes the responsibility of deciding which parent is entitled to the exemption. The allocation of the tax exemption is an element of support, over which a trial court has considerable discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286.) However, in the instant case we believe the trial court abused that discretion. As noted above, the trial court stated that an award of child support below the statutory minimum was unjustified. The court then proceeded to maintain support at an amount below the statutory guidelines and award respondent the dependent child exemption, effectively decreasing respondent's support obligations. The record does not reveal any circumstances warranting the transfer of the tax exemption to the respondent.

For the foregoing reasons, we reverse the decision of the trial court and remand this matter for further proceedings commensurate with this opinion.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.