13 October 1999

NO.  5-98-0488

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

In re
 MARRIAGE OF )  Appeal from the

)  Circuit Court of

LISA F. MOORE, n/k/a LISA F. MONTOYA, )  Franklin County.

)

     Plaintiff-Appellee, )

)

and )  No. 95-D-143

)

STACY N. MOORE, )  Honorable

)  David L. Underwood,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

Petitioner Lisa Moore, now known as Lisa Montoya (Lisa), brought an action for the modification of the marital settlement agreement.  The court awarded an increase in child support payments and one tax exemption to Lisa.  Respondent Stacy Moore (Stacy) appeals the award of one tax exemption to Lisa.  We affirm.

FACTS

Lisa and Stacy were divorced on November 14, 1997.  A marital settlement agreement was previously signed on June 15, 1995.  The marital settlement agreement awarded the two tax exemptions for the couple's twin daughters to Stacy.  On December 29, 1997, Lisa petitioned the court for an increase in the amount of child support she received for the two daughters and for both tax exemptions.  

In support of her petition, Lisa filed an affidavit stating her total monthly financial obligations.  Based on this affidavit, the trial court calculated the expenses for the support of the two children to be more than $1,520 per month.  The court ordered an increase to $790 in the child support paid by Stacy.  After considering Internal Revenue Service rules, the trial court awarded one tax exemption to Lisa and one tax exemption to Stacy.  The trial court stated that this was the fairest solution because each parent was paying approximately half of the expenses for the two children.

ANALYSIS

In this appeal, Stacy presents one issue.  He argues that the trial court abused its discretion when it awarded one tax exemption to Lisa.  Stacy argues that his child support payment of $790 per month is 51.9% of the $1,520 in expenses incurred by the children each month.  Stacy argues that under Illinois law he is entitled to both tax exemptions since he pays the majority of the children's support.  Stacy relies on 
In re Marriage of Rogliano
, 198 Ill. App. 3d 404, 555 N.E.2d 1114 (1990), 
In re Marriage of Clabault
, 249 Ill. App. 3d 641, 619 N.E.2d 163 (1993), and 
In re Marriage of Fowler
, 197 Ill. App. 3d 95, 554 N.E.2d 240 (1989), to argue that the power to transfer tax exemptions from one parent to the other is limited. 

Lisa argues that the issue is factual in nature.  She agrees that 
Fowler
 and 
Rogliano
 correctly state the law.  She states, however, that the expenses for the two children are more than $1,520 and that she pays more than half of their support.  For this reason, she urges that we affirm the ruling of the trial court.

The trial court has considerable discretion in the modification of child support, and the court's decision should not be disturbed by a reviewing court absent an abuse of discretion.  See 
Fowler
, 197 Ill. App. 3d at 98, 554 N.E.2d at 243; 
In re Marriage of Bussey
, 108 Ill. 2d 286, 483 N.E.2d 1229 (1985); 
Villanueva v. O'Gara
, 282 Ill. App. 3d 147, 668 N.E.2d 589 (1996).  The allocation of the tax exemption is an element of support, over which a trial court has considerable discretion.  See 
Fowler
, 197 Ill. App. 3d at 100, 554 N.E.2d at 243.  An abuse of discretion occurs only where no reasonable person would take the view adopted by the trial court.  See 
In re Marriage of Dwan
, 108 Ill. App. 3d 808, 439 N.E.2d 1005 (1982).  

The trial court has authority to allocate the exemption to the noncustodial spouse and to order the custodial parent to sign a declaration for Internal Revenue Service purposes that he or she will not claim the exemption.  See 
Rogliano
, 198 Ill. App. 3d at 414, 555 N.E.2d at 1121.  The trial court should make the allocation based on which parent will be contributing the majority of the child's support, because the exemption has historically been tied to consideration by the Internal Revenue Service of which parent would contribute the majority of the child's support following the parent's divorce.  See 
Rogliano
, 198 Ill. App. 3d at 415, 555 N.E.2d at 1121.  No abuse of discretion occurs when the trial court awards the tax exemption to the parent contributing more than 51% of the child's support.  See 
Clabault
, 249 Ill. App. 3d at 650, 619 N.E.2d at 169. 

Neither parent was found to be paying the majority of the children's support, and so the 51% rule of 
Rogliano
 and 
Clabault
 is not strictly applicable.  Stacy argues that the trial court found that the children's expenses were $1,520 a month and that his child support payment represents 51.9% of their support.  He argues, therefore, that he is paying the majority of their support and is entitled to both tax deductions.  We decline to read 
Rogliano
 and 
Clabualt
 in so rigid a fashion.  As stated in 
Clabualt
, the trial court does not abuse its discretion when it awards all tax exemptions to the parent paying more than 51% of the children's support.  
Clabualt
, 249 Ill. App. 3d at 650, 619 N.E.2d at 169.  Neither, however, does the trial court abuse its discretion when it divides tax exemptions between two parents who are each paying approximately half of the expenses for the children.  

In this case, we find that the trial court did not abuse its discretion.  In making its ruling, the trial court found that the expenses for the support of the two children were more than $1,520 per month.  The trial court ruled that the $790 child support payment represented approximately half of the children's monthly expenses.  Determining monthly expenses for children is not an exact science.  The trial court heard relevant evidence from each side and made its calculation based on the evidence before it.  The trial court did not abuse its discretion in determining that each parent is paying approximately half of the monthly support for the two children.

The trial court properly considered the regulations of the Internal Revenue Service and whether either parent could be said to contribute the majority of the support for the two children.  The trial court's ruling is not in conflict with section 152(e)(2) of the Internal Revenue Code (26 U.S.C. §152(e) (1998)).  The trial court heard evidence, made findings of fact, and then made a ruling on the tax exemptions that the court considered to be the fairest solution.  As each parent is paying approximately half the support for the two children, the trial court did not abuse its discretion in awarding one tax exemption to each parent. 

Affirmed.

KUEHN and CHAPMAN, JJ., concur.