2025 IL App (1st) 241412-U

No. 1-24-1412

Order filed April 3, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CAPITAL ONE, N.A., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 110875 |
| | ) | |
| JERAMIAH BANKS, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where defendant failed to present an adequate record on appeal, we affirm the judgment of the trial court.

¶ 2    Defendant Jeramiah Banks appeals *pro se* from an order of the trial court entering judgment, after trial, in favor of plaintiff, Capital One, N.A., and against defendant for $2420.95 and costs. On appeal, defendant challenges (1) the trial court's personal jurisdiction over him and

(2) its trial judgment for plaintiff. Because defendant failed to present an adequate record on appeal, we affirm the judgment of the trial court.

¶ 3       The following background is derived from the limited record on appeal, which includes, *inter alia*, the complaint, summonses, various motions and affidavits, motion call orders, the trial call order, defendant's motion to vacate, and the motion call order denying that motion. No report of proceedings is included in the record.

¶ 4       On May 11, 2023, plaintiff filed a consumer debt complaint against defendant, alleging that defendant had utilized a charge account and/or line of credit issued by plaintiff, that defendant owed plaintiff $2420.95, and that defendant had failed and/or refused to pay the amount due and owing.

¶ 5       Plaintiff filed an affidavit of service certifying that substitute service was served on defendant on June 30, 2023. Specifically, the affiant, an employee of a detective agency, averred that she left a copy of the complaint and summons at defendant's usual place of abode on West 125th Place, Chicago, with a person who confirmed defendant resided in the abode and who identified herself as a relative over the age of 13. The affiant informed the relative of the contents of the complaint and summons. On July 3, 2023, the affiant mailed a copy of the summons to defendant, addressed to his abode, in a sealed envelope with postage fully prepaid.

¶ 6       On July 6, 2023, defendant filed a document in the trial court titled "Notice and Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt," stating, among other things, that the document constituted "a timely written response to your Fair Debt Collection Practices Act notice that you are attempting to collect an alleged debt." After two Early Resolution Program case management hearings, the case was transferred to a regular trial courtroom on

September 29, 2023. On December 6, 2023, plaintiff filed a motion for default and judgment, asserting that defendant was properly served but had failed to file an appearance or otherwise plead.

¶ 7    On December 20, 2023, defendant filed a *pro se* document titled both "Affidavit" and "Motion to Dismiss," in which he referred to himself as "Jeramiah an aggrieved Man, Paramount security interest holder, Authorized representative, and Secured party over DEBTOR/TRUST/ ESTATE/ARTIFICIAL ENTITY/DEFENDANT JERAMIAH BANKS," and asserted that the trial court lacked personal jurisdiction over "I Man." On December 26, 2023, he filed a second *pro se* document titled both "Affidavit" and "Notice of Special Appearance," stating, *inter alia*, "NOW COMES Jeramiah hereafter I Man, to enter a special appearance for the exclusive purpose of determining jurisdiction in the matter." He asserted that he held a "paramount security interest in all assets registered and unregistered belonging to the Defendant" and attached a Uniform Commercial Code Financing Statement that had been filed with the Iowa Secretary of State earlier in the year, stating that the property of the "Jeramiah Amory Banks Trust" included, but was not limited to, defendant's "DNA, cDNA, cell lines, retina scans, Fingerprints and all Debentures, Indentures, [and] Accounts."

¶ 8    The trial court entered and continued both plaintiff's motion for default and judgment and defendant's motion to dismiss.

¶ 9    On February 16, 2024, defendant filed a *pro se* document titled "Affidavit" and "Motion to Dismiss," challenging the trial court's jurisdiction on the basis that it was "not a court of record" and lacked authority "to exercise personal jurisdiction over I Man." Plaintiff filed a response, arguing, *inter alia*, that the trial court had personal jurisdiction over defendant because substitute

service had been perfected on him in accordance with statute. On March 19, 2024, following a hearing where plaintiff's counsel and defendant were present, the trial court denied defendant's motion to dismiss.

¶ 10    On April 22, 2024, defendant filed a *pro se* "Motion Non Pros," asserting that plaintiff had "not proved beyond a reasonable doubt the charges alleged in their complaint at trial." On May 7, 2024, the trial court denied defendant's motion and set the case for an in-person bench trial on June 11, 2024. On June 10, 2024, defendant filed a *pro se* document he titled "Affidavit" and "Court Lacks Personal Jurisdiction," asking the trial court to "quash" for lack of jurisdiction.

¶ 11    On June 11, 2024, the trial court entered an order stating that plaintiff, plaintiff's counsel, and defendant were present. The court entered judgment after trial for plaintiff and against defendant for $2420.95 and costs.

¶ 12    On June 21, 2024, defendant filed a *pro se* document titled "Affidavit" and "Motion to Vacate Judgement," arguing that the judgment should be vacated because the court did not issue a written opinion explaining its decision; no court reporter, bailiff, or clerk was present; there was no transcript; the court did not rule on his June 10, 2024, request to quash; and the court lacked personal jurisdiction. On June 27, 2024, the court entered an order, reflecting that defendant and plaintiff's counsel were present, and denying defendant's motion to vacate. On July 5, 2024, defendant filed a *pro se* notice of appeal, identifying the judgment being appealed as the court's June 11, 2024, trial judgment.

¶ 13    In his brief on appeal, defendant raises three numbered issues. First, he contends that the trial court "made a mistake by not ruling on the motion (also an affidavit) to quash, nor considering it in its judgement." He argues that, where plaintiff "failed to substantively respond to the

arguments raised in the motion to quash," vacatur of the judgment is warranted. He further argues that, because an "unrebutted affidavit stands as the truth," this court must accept as true that the trial court was without personal jurisdiction and should have dismissed the action. Second, defendant contends that plaintiff disregarded his "Notice and Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt." He argues that plaintiff thereby waived its claim against him and that its failure to respond to the notice constitutes an admission. Third, defendant contends that the record contains no evidence to "substantiate plaintiff's claim" or to indicate that "a lawful and enforceable contract exists between the parties." As relief, defendant asks this court to vacate the June 11, 2024, trial judgment.

¶ 14 As an initial matter, we address plaintiff's argument that the appeal should be dismissed or denied because defendant's brief fails to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020).

¶ 15 Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). When an appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does not relieve him of his obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 16    Here, defendant's brief lacks cohesive legal arguments, reasoned bases for his contentions, and citations to relevant authorities. In these circumstances, we would be justified in striking the brief and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77. However, this court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, plaintiff has filed a cogent brief, and it is clear that defendant is challenging the trial court's personal jurisdiction over him and its trial judgment for plaintiff. Accordingly, we choose not to dismiss the appeal.

¶ 17    Nevertheless, as a threshold matter, we must also address the inadequacy of the record. Defendant has not included in the record on appeal any transcripts of proceedings from either the March 19, 2024, hearing where the trial court denied his motion to dismiss based on lack of personal jurisdiction, or from the June 11, 2024, trial, after which the trial court entered judgment for plaintiff. Defendant also has not included in the record on appeal any acceptable transcript substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 18    Our supreme court has long held that, in order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). This duty applies even to *pro se* litigants. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). Any doubts arising from an incomplete record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. In the absence of transcripts or acceptable substitutes, it is presumed that the order entered by the trial court was in conformity with the law and had a

sufficient factual basis. *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. Where the record on appeal is inadequate to support a claim of error, this court may summarily affirm the trial court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39. Here, the record does not reveal what evidence was presented at the March 19, 2024, hearing following which the trial court denied the defendant's motion to dismiss or at the June 11, 2024, trial following which the trial court entered its judgement in favor of the plaintiff for 2420.95

¶ 19    In summary, defendant has failed to provide a record sufficient to allow review of the trial court's March 19, 2024, order denying the defendant's motion to dismiss or the trial court's June 11, 2024, judgement in favor of he plaintiff. Although we choose not to dismiss this appeal, we conclude that the inadequate record makes meaningful review of defendant's arguments impossible and requires that the trial court's orders be affirmed. See *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994).

¶ 20    Affirmed.